UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**BRYAN RHETT ASHLEY ET AL**           CASE NO.  3:21-CV-01437

**VERSUS**                              JUDGE TERRY A. DOUGHTY

**ANGELA FISHER SILLS ASHLEY**          MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim. [doc. # 7]. The motion is opposed. [doc. # 9]. For the following reasons, it is recommended that the motion to dismiss be DENIED.

### Background

On May 26, 2021, Plaintiffs Bryan Rhett Ashley and Ashley Family LLC ("Plaintiffs") filed the instant action against Defendant Angela Fisher Sills Ashley ("Defendant"), alleging that they have suffered "tremendous financial losses as a result of [Defendant's] unlawful lis pendens notice(s)." [doc. # 1]. Plaintiffs allege that the damages were caused specifically and intentionally by Defendant's unlawful lis pendens notices. [doc. # 1]. In the original complaint, Plaintiffs alleged that:

1. On January 2, 2019, Defendant unlawfully filed with the Madison Parish Clerk of Court three lis pendens notices filed in Texas, dated December 31, 2018, and directed to Knox County, Foard County, and Baylor County, Texas.

2. On May 15, 2019, Plaintiffs allegedly were prevented from the sale of a piece of property due to the lis pendens notices filed by Defendant and sustained

1

    approximately $112 per day in interest on the mortgage of the property that they were unable to sell.

3. On June 6, 2019, Plaintiffs filed a *Rule to Show Cause Why Lis Pendens Filed in Knox County, Foard County, and Baylor County, Texas Should not be Canceled* in Madison Parish state court.

4. On August 6, 2020, the Madison Parish state court judge conducted a hearing on Plaintiffs' rule and ordered Defendant to cancel the foregoing lis pendens notices previously filed in Baylor, Knox, and Foard Counties. However, to date, Defendant has not cancelled the lis pendens notices.

5. On August 25, 2020, Louisiana Land Bank denied Plaintiffs' renewal application and terminated the line of credit with Plaintiffs as a result of Defendant's unlawful lis pendens notices.

[doc. # 1, p. 3-4].

On June 17, 2021, Defendant filed a motion to dismiss because she claims that the Plaintiffs' claims are prescribed on the face of the petition. [doc. # 7]. Defendant claims that the prescriptive period for this action is one year and insinuates that prescription began to run on all of Plaintiffs' claims on May 15, 2019. [doc. # 7]. On July 8, 2021, Plaintiffs filed a memorandum in opposition to the motion to dismiss, [doc. # 9], and an amended complaint omitting the claims for damages from 2019, which occurred more than a year before the date suit was filed. [doc. # 10]. Under the First Amended Complaint, Plaintiffs make the following claims:

1. On January 2, 2019, Defendant unlawfully filed with the Madison Parish Clerk of Court two lis pendens notices filed in Texas, dated December 31, 2018, and directed to Foard County and Baylor County, Texas.

2

    2. On August 25, 2020, Louisiana Land Bank denied Plaintiffs' renewal application and terminated the line of credit with Plaintiffs as a result of Defendant's unlawful lis pendens notices.

On July 15, 2021, Defendant filed a reply, alleging that the allegations in Plaintiffs' original complaint constitute judicial admissions that the court should consider in deciding the motion to dismiss. [doc.#11].

The jurisdictional allegations were deficient in both the original and first amended complaints, so the Court ordered Plaintiff to file an amended complaint for the limited purpose of establishing diversity jurisdiction. [doc. # 12]. Plaintiff filed a second amended complaint on August 2, 2021. [doc. # 13].

## Law and Analysis

**1. Subject Matter Jurisdiction**

As a threshold matter, the court must address the jurisdictional sufficiency of Plaintiff's Second Amended Complaint. Therein, Plaintiffs allege that Bryan Rhett Ashley is a domiciliary of Madison Parish, Louisiana; and Ashley Family, LLC, is a limited liability company whose members are Bryan Rhett Ashley, Carlyle Hoogland, a domiciliary of Caddo Parish, Louisiana and Bryan Connor Ashley, a domiciliary of Ouachita Parish, Louisiana. [doc. # 13]. Plaintiffs allege that Defendant Angela Ashley is a domiciliary of Hinds County Mississippi. [doc. # 13]. Therefore, the court finds that the parties are diverse.

2. **Motion to Dismiss**

   a. **The Second Amended Complaint Supersedes the Original Complaint**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within the following time frames:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir. 1985)).

Here, Plaintiffs' Amended Complaint was timely because it was filed within 21 days of service of Defendant's 12(b)(6) motion. [doc. # 10]. Plaintiffs timely filed their Second Amended Complaint pursuant to the Court's order. [doc. #s 12; 13]. Defendant argues that allegations in Plaintiff's original complaint constitute judicial admissions upon which the court can determine that the Plaintiff's claims have prescribed. [doc. # 11]. However, Defendant cites no law in support of this position. Neither the Amended Complaint nor the Second Amended Complaint specifically refer to and incorporate by reference the original complaint. Accordingly, the Second Amended Complaint supersedes the original complaint and renders it of no legal effect. Thus, the facts contained in Plaintiff's Original Complaint do not constitute judicial admissions upon which the court could grant a motion to dismiss.

### b. The Claim is not Clearly Prescribed on the Face of the Complaint

In reviewing a motion to dismiss, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, No. 20-20338, 2021 WL 3521659, at *3 (5th Cir. Aug. 11, 2021)(citing *Arnold v. Williams,* 979 F.3d 262, 265 n.1, 266 (5th Cir. 2020)). The Court considers "all 'documents incorporated into the complaint by reference and matters of which a court may take judicial notice.'" *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Rule 12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling. *Id.* (citing *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003)). A "statute of limitations is an affirmative defense for which the [defendant] has the burden of proof." *Id.* (citing *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016)); *see also* FED. R. CIV. P. 8(c)(1).

A party who wrongfully records a notice of *lis pendens* with malice and without probable cause has committed a slander of title and is liable in damages. *Illinois Cent. R. Co. v. R. R. Land, Inc.*, No. CIV. A. 86-86, 1992 WL 10432, at *11 (E.D. La. Jan. 10, 1992), *aff'd sub nom. Illinois Cent. Gulf R. Co. v. R.R. Land,* 988 F.2d 1397 (5th Cir. 1993)(citing *Dane v. Doucet Bros. Constr. Co.*, 396 So.2d 418, 420–21 (La. App. 4 Cir.1981)). The prescriptive period for an action based on slander of title is one year under Louisiana law. LA. CIV. CODE ART. 3492; *see also Jackson v. Davis*, 49 So. 2d 497 (La. App. 2 Cir. 1950). Further, "the period of limitations begins to run, not from the date of initial recording, but from the time a prospective sale is lost

because of the cloud on plaintiff's title, or other damage results."[1] *See also Meraux & Nunez, Inc. v. Gaidry*, 132 So. 401 (1931)(holding that there was a continuing slander of plaintiff's title during the time that such deeds were recorded, and that the period of prescription did not necessarily run from the time of execution or initial recordation of the deeds); *Lacroix v. Villio*, 49 So. 20 (1909)(holding that the action for slander of title was not barred by limitation, reasoning that prescription ran only from the time the damages were sustained).

Here, Plaintiff's Second Amended Complaint states that Plaintiffs were damaged when they were unable to renew their line of credit with Louisiana land bank on August 25, 2020. Since the prescriptive period for slander of title, including improper filing of a notice of *lis pendens*, runs from the date the damage results, Plaintiff's claim is not obviously prescribed on the face of the petition. Further, even if the court did consider Plaintiffs' original complaint, which contained some allegations of damages that occurred more than one year prior to filing, Defendant still has not demonstrated that the action has prescribed in its entirety. Slander to title is a continuing tort, *Meraux,* 132 So. 401. Here, even the original complaint contained allegations of damage that occurred within a year of filing, including the alleged August 25, 2021 termination of a line of credit. Defendant's arguments at best "raise fact questions not suitable for disposition under Rule 12(b)(6)." *Petrobras*, 2021 WL 3521659, at 5*. Accordingly, the Defendant's motion to dismiss should be DENIED.

## Conclusion

For the foregoing reasons,

---

[1] "Recording of instrument Purporting to affect title as slander of title" 39 A.L.R.2d 840 (Originally published in 1955) (citing "Statute of limitations applicable to action for slander of title," 131 A.L.R. 837).

IT IS RECOMMENDED that Defendant's motion to dismiss and request for costs [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. '636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 23rd day of August, 2021.

                                                                         KAYLA DYE MCCLUSKY
                                                      UNITED STATES MAGISTRATE JUDGE